## Ulrich License

*Gilbert P. High*, for appellant.

*Paul P. Wisler*, for Commonwealth.

CORSON, J., May 21, 1954.—This matter comes before the court upon an appeal from the action of the Department of Revenue in suspending appellant's privileges for a period of 90 days, from March 2, 1954.

After hearing, the trial judge makes the following

## Findings of Fact

1. On March 2, 1954, Ruth Ulrich, hereinafter referred to as appellant, was the holder of a valid Pennsylvania motor vehicle operator's license, plate No. 2177892, issued by the Department of Revenue of the Commonwealth of Pennsylvania.

2. On March 3, 1954, appellant was notified by the Director of Highway Safety that her operating privileges had been suspended for 90 days beginning March 2, 1954, for the reason that appellant had been "involved in a fatal accident".

3. The fatal accident in question occurred October 5, 1953, in Delaware County, Pa.

4. On that date Dorothy D. Gill was operating an automobile on St. David's Road near Papermill Road, Newtown Township.

5. Appellant was operating her motor vehicle on the same road in the opposite direction.

6. Both drivers were approaching the crest of a hill under conditions where neither driver was able to see the other car until reaching the crest of the hill.

7. At approximately the crest of such hill was, and had been, parked, a rather large truck with the left wheels three feet upon the traveled portion of the road.

8. Such traveled portion at that point was approximately 15 feet wide, with a three-foot dirt berm along each side.

9. The center line of such road was marked by a white line.

10. In order to safely pass the parked truck it was necessary for appellant to go to her left over the white line.

11. As appellant was passing such truck the car of Mrs. Gill, being operated in the opposite direction, on its right side of the road, came into collision with the left front of appellant's car, resulting in injuries to both drivers.

12. Mrs. Gill died as a result of such injuries.

13. Appellant was injured and hospitalized but her injuries were not serious.

14. An inquest was held by the Coroner of Delaware County in which proceeding appellant was exonerated of any criminal responsibility for the death of Mrs. Gill.

15. Appellant was arrested, charged with reckless driving under The Vehicle Code; waived hearing; and was found not guilty of such charge after hearing before the Court of Quarter Sessions of Delaware County.

16. Appellant had been driving at a speed of about 35 miles per hour as she approached the scene of the accident but at the time of the collision she had slowed down so that she was at a standstill or practically so at the time the collision occurred.

17. The speed of the Gill car has not been shown.

### Discussion

Upon the foregoing statement of facts it becomes incumbent upon this court to decide whether or not the Department of Revenue, acting through its secretary, abused its descretion in suspending appellant's operating privileges. It is rather obvious that under the evidence the trial judge must agree with the finding of the Delaware County court that appellant was

not guilty of reckless driving and with the finding of the coroner's jury that the death of Mrs. Gill did not result from any unlawful act upon the part of appellant.

The Commonwealth, however, relies upon the provision of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §192(b), which reads as follows:

"The Secretary may suspend the operator's license . . . , after a hearing before the Secretary or his representative, whenever the Secretary finds upon sufficient evidence: . . . (4) that such person was operating any motor vehicle . . . involved in an accident resulting fatally to any person."

Obviously this section vests the secretary with discretionary power to suspend the license of an operator "involved in an accident resulting fatally to any person". However, such discretion must certainly be exercised upon evidence showing negligence or fault upon the part of such operator. Certainly if a person runs into the rear of an automobile and dies as a result of such collision, it would only be adding insult to injury to suspend the license of the driver whose car had been so struck. This is perhaps an extreme example, but it illustrates the thought we wish to convey.

Upon the facts, and for the reasons given, we feel that the Secretary of Revenue abused his discretion in suspending the license of appellant. We therefore enter the following order:

And now, May 21, 1954, for the reasons given, the appeal of Ruth Ulrich is sustained and the action of the Secretary of Revenue in suspending the operating privileges of Ruth Ulrich for a period of 90 days from March 2, 1954, is set aside and if appellant's operator's license card has been taken from her it is directed to be returned to her.